UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WALMART STORES TEXAS, LLC § | | CIVIL ACTION |
|     Plaintiff § | | |
| § | | |
| VS. § | | NO._____ |
| § | | |
| DAVID R. PETE § | | |
|     Defendant § | | JURY |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY RELIEF AND MOTION TO STAY AND DISMISS ARBITRATION PROCEEDING**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW WALMART STORES TEXAS, LLC (incorrectly named as Walmart Corp. in arbitration proceeding at issue), Plaintiff in the above cause, and files its Original Complaint for Declaratory Relief and Motion to Stay and Dismiss Arbitration Proceeding, and would respectfully show the Court as follows:

**I.      Parties**

1.      Plaintiff WALMART STORES TEXAS, LLC, is a Delaware limited liability company authorized to conduct business in the State of Texas, and has conducted business in Jefferson County, Texas.

2.      Defendant, David R. Pete is an adult individual, who is a citizen and resident of Beaumont, Jefferson County, Texas who may be served with this complaint by certified mail, return receipt requested at 6355 Chinn Lane #2105 Beaumont, TX 77708.

**II.      Jurisdiction & Venue**

3.      Jurisdiction of this matter is founded on 28 U.S.C.A. § 2201 and the Federal Arbitration Act, 9 U.S.C.A. §§ 1 to 16. Further, complete diversity among the parties exists, and although Plaintiff denies Defendant is entitled to any recovery in this matter, Defendant has alleged

damages of $1,000,000 in the arbitration proceeding at issue. Venue is properly established in this District because Defendant resides in this District and is the only Defendant in this case.

### III.    Facts of the Case

4.      Defendant initially filed a Demand for Arbitration with the American Arbitration Association ("AAA") on April 10, 2023, asserting facts against Plaintiff related to an alleged incident that occurred on May 2, 2020 without alleging any specific cause of action or claim for relief. Specifically, Defendant asserted the following:

> On May 2,2020 at approximately 1;14 pm i David R Pete reside at 6355 Chinn Ln #2105 Beaumont ,Tx 77708.enter the Walmart store located at 4145 Owlen RD in beaumont ,Tx 77707 after asking for mgr i engage in conversation about the line and immediately it turn into a debate and then he told me to leave without reason after i turn to go toward the clectronic i was was confronted by (beaumont police ) i fear for my life knowing i had"nt done antthing wrong i was immediately surrounded by four more B9BEAUMONT PD) .AFTER THIS I LEFT THE STORE AND IMMEDIATLY contacted (WALMART CORPORATE OFFICE TO FILE A COMPLAINT ON THE SAME DAY OF MAY 2,2020.

See Ex. A to Complaint. The facts alleged by Defendant in the arbitration proceeding are nearly identical to those asserted by Defendant in Civil Action No: 1:22-CV-00030 previously filed in this Court. This Court dismissed Plaintiff's claims in that case on May 19, 2022 for failure to state a claim upon which relief may be granted. Defendant's appeal of that dismissal was dismissed for want of prosecution by the United States Court of Appeals for the Fifth Circuit on August 2, 2022 in Cause No. 22-40344.

4.      Prior to the institution of Defendant's arbitration proceeding, Plaintiff and Defendant did not enter into an agreement under which they agreed to arbitrate any claims arising under the facts asserted in Defendant's Demand for Arbitration. For that reason, the AAA initially dismissed Defendant's Demand for Arbitration. The AAA then reinstituted the proceeding when Defendant submitted a PDF print out of the "Terms of Use" for Walmart's website on May 5,

2023. *See* Ex. B to Complaint. Defendant's arbitration proceeding is currently pending under AAA Cause No. 01-23-0001-6617 ("Arbitration Proceeding"). By the clear language in the Terms of Use attached by Plaintiff to his Demand for Arbitration, the Terms of Use relate solely to a consumer's use of Walmart's online website. The Terms of Use do not relate to or govern any relationship between a consumer or Walmart arising because of actions that allegedly occurred in a Walmart store. As a result, no agreement to arbitrate exists between Plaintiff and Defendant.

5.  Plaintiff has filed an Objection to the Jurisdiction of the Arbitrator and Objection to the Arbitrability of Claimant's Claims, and Subject to, and Without Waiving Said Objections, Respondent's Answering Statement and Defenses. *See* Ex. C. By this pleading, Plaintiff has challenged whether an arbitration agreement exists between the parties.

### IV.     Request for Declaratory Relief

6.  Plaintiff incorporates paragraphs 4 – 5 as if set out herein.

7.  Plaintiff seeks a declaration that no agreement to arbitrate any claims exists between the parties that may arise from the factual allegations asserted in his Demand for Arbitration, and therefore, his Arbitration Proceeding should be dismissed.

8.  An actual controversy exists in this case as Plaintiff is being improperly forced to arbitrate a matter over which no arbitration agreement exists. Furthermore, Plaintiff is being improperly forced to arbitrate a matter that has already been decided and dismissed by this Court.

9.  The Court has subject matter jurisdiction over this action, and it has authority under the Federal Arbitration Act 9 U.S.C.A. § 3 to determine the existence of an arbitration agreement. *See Lopez de Leon v. Sanderson Farms Inc.*, No. 4:21-CV-02730, 2022 WL 19224956, at *4 (S.D. Tex. Sept. 29, 2022) (stating "Resolution of disputes over the "very existence" of an

arbitration agreement is solely a decision for a court and cannot be delegated through a delegation clause.").

10. Plaintiff is substantially aggrieved and prejudiced by Defendant's attempt to circumvent the ruling of this Court, forum shop, and force Plaintiff to incur costs and expenses in a proceeding that should be dismissed. Therefore, the Court should agree to exercise jurisdiction over this matter.

## V. Request for Stay and Dismissal of Arbitration Proceeding

11. Plaintiff hereby incorporates by reference all of the foregoing paragraphs.

12. Because no agreement to arbitrate exists between the parties, Plaintiff respectfully requests that the Court enter an order staying Defendant's Arbitration Proceeding, and upon further hearing of this Court if necessary, enter an order dismissing Defendant's Arbitration Proceeding against Plaintiff.

## VI. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter the requested Declaratory Relief, order the dismissal of Defendant's arbitration proceeding and enter an order the Defendant take nothing by reason of his proceeding, and that Plaintiff goes hence without delay and recovers its costs, expenses and attorney's fees.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/ Karen L. Spivey
KAREN L. SPIVEY
KarenSpivey@mehaffyweber.com
Federal Id. No.11680
Texas Bar No. 18955100
ATTORNEY IN CHARGE FOR DEFENDANT,
WALMART STORES TEXAS, LLC
William F. Thorne

                Texas Bar No. 24102569  
                Williamthorne@mehaffyweber.com  
                P.O. Box 16  
                Beaumont, TX 77704-0016  
                2615 Calder Avenue, Suite 800  
                Beaumont, TX 77702  
                Ph:    409-835-5011  
                Fx:    409-835-5177