## AMERICAN ARBITRATION ASSOCIATION

| | | |
|---|---|---|
| **DAVID R. PETE** | § § § | |
| vs. | § | AAA Case No. 01-23-0001-6617 |
| **WALMART CORP** | § § § | |

### RESPONDENT'S OBJECTION TO THE JURISDICTION OF THE ARBITRATOR AND OBJECTION TO THE ARBITRABILITY OF CLAIMANT'S CLAIMS, AND SUBJECT TO, AND WITHOUT WAIVING SAID OBJECTIONS, RESPONDENT'S ANSWERING STATEMENT AND DEFENSES

COMES NOW Respondent Walmart in the above-referenced arbitration proceeding, and files this its Objection to the Jurisdiction of the Arbitrator and Objection to the Arbitrability of Claimant's Claims, and Subject to, and Without Waiving Said Objections, Respondent's Answering Statement and Defenses, and would respectfully show unto the Arbitrator as follows:

### I.
### RESPONDENT'S OBJECTIONS TO JURISDICTION OF ARBITRATOR AND OBJECTION TO PROCEEDING WITH ARBITRATION

1. Respondent objects to the jurisdiction of the arbitrator in this proceeding on multiple grounds. No contract, agreement or writing of any kind exists in which Respondent and Claimant agreed to arbitrate any disputes arising out of the alleged facts that supposedly give rise to Claimant's claims against Respondent, and Claimant has produced no evidence of any such agreement. *See Poulson v. Trans Union LLC*, 406 F. Supp. 2d 744, 747 (E.D. Tex. 2005) ("Arbitration is a matter of contract, and courts may require a party to submit its dispute to arbitration only if the party has expressly agreed to do so."); *see also* AAA Consumer Arbitration Rules 1 & 2.

2. Respondent further objects to the jurisdiction of the American Arbitration Association ("AAA") or any arbitral organization over the allegations or claims made in this case.

EXHIBIT C

3. Respondent further objects to the jurisdiction of the arbitrator and AAA and the arbitrability of this matter on the grounds that Claimant has asserted no valid claim for relief against Respondent that would be subject to arbitration or an arbitration agreement.

4. Further, Respondent **DOES NOT** agree to arbitrate the claims made in this matter, and respectfully requests that the American Arbitration Association dismiss this arbitration and assess all costs of said arbitration against Claimant.

5. Respondent reserves the right to assert additional objections and grounds for objections to the jurisdiction of the arbitrator or AAA as this matter proceeds.

## II.
## GENERAL DENIAL

6. Subject to the foregoing objections to the jurisdiction of the arbitrator and the arbitrability of Claimant's claim, and without waiving same, Respondent denies each and every, all and singular, the material allegations contained in Claimants' Original Arbitration Demand and any amendments or supplements thereto, and demand strict proof thereof.

## III.
## AFFIRMATIVE DEFENSES

7. Subject to the foregoing objections to jurisdiction and general denial, and without waiving same, Respondent pleads the following affirmative defenses and other defenses in the alternative.

8. Respondent would show that Claimant's claims are barred by the applicable statute of limitations.

9. Respondent would show that Claimant's claims are barred by res judicata and/or collateral estoppel.

10. Respondent would show that Claimant lacks standing to assert the claims made in this case.

EXHIBIT C

11. Respondent would show that Claimant's demand fails to state a claim on which relief can be granted.

12. Respondent would show that there is a defect in the parties as no Walmart Corp. exists.

13. Further, Respondent would show that Claimant's alleged damages, if any, were proximately caused, either partially or solely, by the acts or omissions of other parties or third parties, whether made a party to this arbitration or not, for whom Respondent are not legally responsible.

14. Further, Respondent would show that Claimant's alleged damages, if any, were caused, either partially or solely, by new and independent, intervening, and superseding events that were not foreseeable to or caused by Respondent, and which relieve Respondent of and from legal responsibility in connection with Claimant's alleged damages, if any.

15. Respondent hereby reserves the right to assert additional affirmative defenses as this matter proceeds.

## IV.
## RIGHT TO AMEND

16. Respondent hereby reserves the right to amend or supplement its objections and this answering statement as this case proceeds.

## V.

WHEREFORE, PREMISES CONSIDERED, Respondent prays that the arbitrator sustain its objections to the jurisdiction of the arbitrator and to the arbitrability of Claimant's claims, and that Claimant take nothing by reason of this arbitration herein and that Defendants go hence without delay and recover their costs.

Respectfully submitted,

MEHAFFY WEBER, P.C.

EXHIBIT C

/s/ Karen L. Spivey
KAREN L. SPIVEY
KarenSpivey@mehaffyweber.com
State Bar No. 18955100
ATTORNEY IN CHARGE FOR RESPONDENT
WILLIAM F. THORNE
williamthorne@mehaffyweber.com
State Bar No. 24102569
PO Box 16
Beaumont TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont TX 77702
Ph:   409-835-5011
Fx:   409-835-5177
**ATTORNEYS FOR RESPONDENT**

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the opposing party on June 2, 2023.

/s/ Karen L. Spivey
_____
KAREN L. SPIVEY

EXHIBIT C