UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WALMART STORES TEXAS, LLC § | | CIVIL ACTION |
| Plaintiff § | | |
| § | | |
| VS. § | | NO. 1:23-cv-00251 |
| § | | |
| DAVID R. PETE § | | |
| Defendant § | | JURY |

**OPPOSED EMERGENCY MOTION BY PLAINTIFF TO
STAY AND DISMISS ARBITRATION PROCEEDING**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW WALMART STORES TEXAS, LLC (incorrectly named as Walmart Corp. in arbitration proceeding at issue), Plaintiff in the above cause, and files this Opposed Emergency Motion to Stay and Dismiss Arbitration Proceeding, and would respectfully show the Court as follows:

**I.   Circumstances Justifying Emergency Relief:
NO AGREEMENT TO ARBITRATE EXISTS**

Walmart filed this suit because Defendant David Pete filed an arbitration proceeding with the American Arbitration Association ("AAA") even though no agreement to arbitrate exists between the parties. Walmart now files this emergency motion because the continuing proceedings before the AAA and impending deadlines therein threaten Walmart's substantive rights. Specifically, the AAA recently entered an order appointing an arbitrator in the arbitration proceeding and requiring objections to the appointment of the arbitrator by August 21, 2023, and payment by Walmart for the case administration and arbitrator's fee by August 28, 2023. *See* Ex. A. These deadlines fall well before any briefing deadlines under this Court's local rules, even if a motion to shorten deadlines to file responses under Local Rule CV-7(e) were pursued.

At a minimum, a ruling on Walmart's request for a stay of the arbitration proceeding must be heard prior to the August 28, 2023 deadline to allow Walmart the opportunity to adequately protect itself from unjust arbitration fees. To avoid being subject to payments in an improperly instituted arbitration, to avoid any potential waiver of Walmart's objections to the jurisdiction of the arbitrator or the AAA, and to preserve this Court's right and authority to determine the existence of an agreement to arbitrate between the parties, Walmart seeks emergency relief in the form of, at a minimum, an order staying the AAA proceedings, and in the alternative, an order dismissing Defendant's arbitration proceeding in its entirety.

## II.     Federal Court's Power to Stay Arbitration Proceedings

Case law in the Fifth Circuit, and in other circuits establishes that, in "appropriate circumstances," the district court may stay an arbitration. *See PoolRe Ins. Corp. v. Organizational Strategies, Inc.*, No. CIV.A. H-13-1857, 2013 WL 3929077, at *9 (S.D. Tex. July 29, 2013), aff'd, 783 F.3d 256 (5th Cir. 2015) and aff'd, 783 F.3d 256 (5th Cir. 2015); *Tai Ping Ins. Co., Ltd. v. M/V Warschau*, 731 F.2d 1141, 1144 (5th Cir.1984). Surely one such circumstance is to prevent the continued arbitration of a dispute that is not arbitrable. *See Tai Ping,* 731 F.2d at 1147; *see also In re Am. Exp. Fin. Advisors Secs. Litig.*, 672 F.3d 113, 141 (2d Cir.2011) ("If the parties to this appeal have not consented to arbitrate a claim, the district court was not powerless to prevent one party from foisting upon the other an arbitration process to which the first party had no contractual right."); *PaineWebber Inc. v. Hartmann*, 921 F.2d 507, 511 (3d Cir.1990) ("If a court determines that a valid arbitration agreement does not exist or that the matter at issue clearly falls outside of the substantive scope of the agreement, it is obliged to enjoin arbitration."), abrogated on other grounds by *Howsam*, 537 U.S. 79, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002); *Societe Generale de Surveillance, S.A. v. Raytheon European Mgmt. & Sys. Co.*, 643 F.2d 863, 868 (1st Cir.1981)

(Breyer, Circ. J.) (concluding that "[t]o allow a federal court to enjoin an arbitration proceeding which is not called for by the contract interferes with neither the letter nor the spirit" of the FAA); cf. *Texaco, Inc. v. Am. Trading Transp. Co.*, 644 F.2d 1152, 1154 (5th Cir. Unit A May 1981) (upholding a stay of arbitration in which the dispute was not covered by the arbitration clause).

### III. Factual Background

Defendant David R. Pete initially filed a Demand for Arbitration with the American Arbitration Association ("AAA") on April 10, 2023, asserting facts against Plaintiff related to an alleged incident that occurred on May 2, 2020 without alleging any specific cause of action or claim for relief. Specifically, Defendant asserted the following:

> On May 2,2020 at approximately 1;14 pm i David R Pete reside at 6355 Chinn Ln #2105 Beaumont ,Tx 77708.enter the Walmart store located at 4145 Owlen RD in beaumont ,Tx 77707 after asking for mgr i engage in conversation about the line and immediately it turn into a debate and then he told me to leave without reason after i turn to go toward the clectronic i was was confronted by (beaumont police ) i fear for my life knowing i had"nt done antthing wrong i was immediately surrounded by four more B9BEAUMONT PD) .AFTER THIS I LEFT THE STORE AND IMMEDIATLY contacted (WALMART CORPORATE OFFICE TO FILE A COMPLAINT ON THE SAME DAY OF MAY 2,2020.

See Ex. C. The facts alleged by Defendant in the arbitration proceeding are nearly identical to those asserted by Defendant in Civil Action No: 1:22-CV-00030 previously filed in this Court. This Court dismissed Plaintiff's claims in that case on May 19, 2022 for failure to state a claim upon which relief may be granted. *See* Exs. D & E. Defendant's appeal of that dismissal was dismissed for want of prosecution by the United States Court of Appeals for the Fifth Circuit on August 2, 2022 in Cause No. 22-40344.

Prior to the institution of Defendant's arbitration proceeding, Plaintiff and Defendant did not enter into an agreement under which they agreed to arbitrate any claims arising under the facts asserted in Defendant's Demand for Arbitration. For that reason, the AAA initially dismissed

Defendant's Demand for Arbitration. The AAA then reinstituted the proceeding when Defendant submitted a PDF print out of the "Terms of Use" for Walmart's website on May 5, 2023. *See* Ex. B. Defendant's arbitration proceeding is currently pending under AAA Cause No. 01-23-0001-6617 ("Arbitration Proceeding"). By the clear language in the Terms of Use attached by Plaintiff to his Demand for Arbitration, the Terms of Use relate solely to a consumer's use of Walmart's online website. The Terms of Use do not relate to or govern any relationship between a consumer or Walmart arising because of actions that allegedly occurred in a Walmart store. As a result, no agreement to arbitrate exists between Plaintiff and Defendant.

## IV.     Analysis & Authorities

Arbitration is "a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Howsam v. Dean Witter Reynolds, Inc*., 537 U.S. 79, 83 (2002). To determine whether parties should be compelled to arbitrate a dispute, courts perform a two-step inquiry. *Banc One Acceptance Corp. v. Hill*, 367 F.3d 426, 429 (5th Cir.2004). "First, the court must determine whether the parties agreed to arbitrate the dispute. Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims non-arbitrable." *Id.* (quoting R.M. Perez & Assocs., Inc. v. Welch, 960 F.2d 534, 538 (5th Cir.1992)). The first inquiry requires consideration of two issues: (1) *whether there is a valid agreement to arbitrate between the parties*; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Id.* (emphasis added) (citing *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir.1996)); *Ameriprise Fin. Services, Inc. v. Etheredge*, 277 Fed. Appx. 447, 449 (5th Cir. 2008); *see also Lopez de Leon v. Sanderson Farms Inc.*, No. 4:21-CV-02730, 2022 WL 19224956, at *4 (S.D. Tex. Sept. 29, 2022) (stating "Resolution of disputes over the

"very existence" of an arbitration agreement is solely a decision for a court and cannot be delegated through a delegation clause.").

In this case, Defendant instituted an arbitration proceeding based on alleged actions that supposedly took place in a Walmart store on May 5, 2020. *See* Ex. C. Nothing within Defendant's allegations indicates that such actions included the entry into any sort of contract that included an arbitration provision between Walmart and Defendant. Ultimately, Defendant and Walmart did not enter into a written agreement that contained an arbitration clause related to the facts asserted in his arbitration, and Defendant has no evidence to support the existence of such an agreement. No such agreement exists.

Moreover, Defendant's attempted use of the Terms of Use from Walmart's online website is disingenuous. First and foremost, the Terms of Use relate to a consumer's online interaction with Walmart and applies to a "user" of any Walmart Site. *See* Ex. B at p. 3. Nothing therein indicates that it is enforceable by someone who objected to standing in line outside the store during COVID. Further, the Terms of Use that Defendant submitted to the AAA is dated May 5, 2023, nearly three years after the alleged actions supposedly took place upon. *See* Ex. B. Thus, such agreement clearly has no relation to the claims alleged by Defendant in the AAA proceedings and cannot constitute an agreement between the parties to arbitrate Defendant's dispute.

## V.   Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Walmart respectfully moves and prays that the Court enter an order, at a minimum, staying the AAA proceedings, or alternatively, dismissing Defendant's AAA proceeding for the lack of the existence of an agreement to arbitrate between the parties. Walmart also prays for such other relief at equity and law to which it may be justly entitled to receive.

Respectfully submitted,

MEHAFFY WEBER, P.C.

/s/ Karen L. Spivey
KAREN L. SPIVEY
KarenSpivey@mehaffyweber.com
Federal Id. No.11680
Texas Bar No. 18955100
ATTORNEY IN CHARGE FOR PLAINTIFF
WALMART STORES TEXAS, LLC
William F. Thorne
Texas Bar No. 24102569
Williamthorne@mehaffyweber.com
P.O. Box 16
Beaumont, TX 77704-0016
2615 Calder Avenue, Suite 800
Beaumont, TX 77702
Ph:   409-835-5011
Fx:   409-835-5177

## **CERTIFICATE OF CONFERENCE**

I hereby certify that I conferred with Defendant regarding a motion to stay or dismiss his arbitration proceeding, and he indicated he was opposed to any such motion.

/s/ William Thorne
William Thorne

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing instrument was served upon Defendant by email and certified mail to Defendant's last known address in accordance with the Federal Rules of Civil Procedure on this the August 18, 2023.

/s/ Karen L. Spivey
KAREN L. SPIVEY