IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| DAVID R. PETE,<br><br>      Plaintiff,<br><br>vs.<br><br>DOUG MCMILLON, KATHRYN MCLAY, and DONNA MORRIS;<br><br>      Defendants. | No. 1:22-CV-00030-MAC-ZJH |

## REPORT AND RECOMMENDATION DISMISSING CASE

### I. Background

This case is assigned to the Honorable Marcia A. Crone, United States District Judge, and is referred to the undersigned United States Magistrate Judge for pretrial management. On January 26, 2022, *pro-se* Plaintiff David R. Pete moved to proceed *in forma pauperis*. Doc. No. 2. On February 17, 2022, the undersigned granted Pete's motion but ordered him to amend his complaint to state a claim on which relief can be granted. Doc. No. 3. On February 24, 2022, Pete filed his *Amended Complaint* against three Walmart executives: Doug McMillon, Kathryn McLay, and Donna Morris. Doc. No. 4. In his *Amended Complaint*, Pete alleges violations of his First and Fourteenth Amendment rights after an incident at a Walmart store in Beaumont, Texas. *See id*. After reviewing Pete's *Amended Complaint*, the undersigned recommends that the court dismiss the case *sua sponte* because Pete has still failed to state a claim on which relief can be granted.

### II. Legal Standard

Before expending additional resources of the court and the Defendants, the undersigned finds it necessary to address, *sua sponte*, whether this matter should proceed. Title 28 of the United States Code § 1915(e)(2)(B) provides for *sua sponte* dismissal of a complaint filed *in forma pauperis* if the court determines at any time the action "(i) is frivolous or malicious; (ii) fails to

<span style="color:red">EXHIBIT E</span>

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B); *see also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

When a court analyzes whether a plaintiff has stated a claim on which relief may be granted, it "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court must accept all factual allegations as true, the court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also id.* at 678-79. The court should only determine whether a plaintiff has stated a legally cognizable claim that is plausible, not evaluate the plaintiff's likelihood of success. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). Dismissal for failing to state a claim is warranted if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006).

### III. Analysis

Pete alleges that Walmart violated his First and Fourteenth Amendment rights. Title 42 of the United States Code § 1983 "provides a cause of action for individuals who have been 'depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws' of the United States by a person or entity acting under color of state law." *McClendon v. City of*

EXHIBIT E

*Columbia*, 305 F.3d 314, 322 (5th Cir. 2002) (quoting 42 U.S.C. § 1983). The undersigned liberally construes Pete's claims to be brought under 42 U.S.C. § 1983 as a civil action for the deprivation of rights. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (internal citation omitted).

To be successful on a § 1983 claim, the defendant must be a person or entity acting under color of state law. *McClendon*, 305 F.3d at 322. Walmart is "a private corporation that does not act 'under color of state law.'" *Woods v. Wal-Mart, Inc.*, No. 7:18-CV-00005-DC, 2018 WL 8996624, at *3 (W.D. Tex. Aug. 14, 2018). Because Walmart is not a state actor, Pete cannot satisfy that element of his § 1983 claim. And even if Walmart were a state actor, he still cannot state a cognizable claim. The defendants here are three Walmart executives who, according to the complaint, weren't personally involved in the incident at the Beaumont store. Under § 1983, "officials are not vicariously liable for the conduct of those under their supervision."[1] *Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 420 (5th Cir. 2017). Pete therefore has failed to state a claim on which relief may be granted.

### IV. Recommendation

Because Pete has failed to state a claim on which relief may be granted, the undersigned recommends that the case be **DISMISSED** without prejudice.

### V. Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed

---

[1] A local government is liable when its officer violates a plaintiff's constitutional rights only when the officer acts pursuant to an official governmental policy or custom. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). But since Walmart is not a local government, this rule does not apply here.

EXHIBIT E

within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 2nd day of March, 2022.

_____
Zack Hawthorn
United States Magistrate Judge

EXHIBIT E