IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| WALMART STORES TEXAS LLC, § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | |
| DAVID R. PETE, § | CIVIL ACTION NO.  1:23-CV-251-MJT-CLS |
| *Defendant*. § | |
| § | |
| § | |
| § | |

## **AMENDED ORDER ON PLAINTIFF'S OPPOSED EMERGENCY MOTION TO STAY AND DISMISS ARBITRATION PROCEEDINGS (Doc. #7)**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the district court referred this proceeding to the undersigned United States magistrate judge to conduct all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72.  Pending before the court is Walmart Stores Texas, LLC's Opposed Emergency Motion to Stay and Dismiss Arbitration Proceedings [hereinafter "Motion to Stay and Dismiss Arbitration"].  (Doc. #7.)

Plaintiff filed suit on July 3, 2023, seeking a declaration that no agreement to arbitrate exists between Plaintiff and Defendant for claims that may arise from the factual allegations asserted in Defendant's Demand for Arbitration, and the stay and dismissal of the arbitration proceeding currently pending under AAA Cause No. 01-23-0001-6617 [hereinafter "Arbitration Proceeding"].  (Doc. #1.)  On August 18, 2023, Plaintiff filed the Motion to Stay and Dismiss Arbitration.  (Doc. #7.)  Defendant filed a response to the motion on August 21, 2023.  (Doc. #8.)

While the Federal Arbitration Act does not directly provide guidelines for when a court should grant a stay of arbitration, "the case law clearly establishes that, in the appropriate circumstances, such an order is within the power of the district court." *Tai Ping Ins. Do. Ltd. V. W/V Warschau*, 731 F.2d 1141, 1144 (5th Cir. 1984); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (noting potential abuses of discretion where the stay was "of indefinity duration in the absence of a pressing need").

District courts have the authority to determine (1) whether a valid agreement exists to arbitrate between the parties, (2) whether a given dispute falls within the scope of a valid arbitration agreement. *Pennzoil Expl. and Prod. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1065 (5th Cir. 1998); *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (2006). The latter determination may be subject to arbitration, as opposed to court review, only if the arbitration agreement explicitly delegates that power to the arbitrator. *Allen v. Regions Bank*, 389 F. App'x. 441, 446 (5th Cir. 2010) ("The parties must have clearly intended for issues of arbitrability to be arbitrated… [o]therwise, the scope of the arbitration agreement is for the court to decide").

Here, Plaintiffs challenges the Arbitration Proceeding on both grounds explicitly reserved for district courts, arguing (1) that there is no valid arbitration agreement between Plaintiff and Defendant, and (2) if there was an agreement, the current dispute would fall outside the scope of the agreement. (Doc. #7.) The agreement contains no explicit provisions subjecting debates over arbitrability to the arbitrator. (Doc. #1-3 at 17-19). Accordingly, the undersigned orders a stay of the Arbitration Proceeding to resolve these threshold issues.

It is **ORDERED** that Plaintiff's Motion to Stay and Dismiss Arbitration (doc. #7) is **GRANTED** as to the stay of arbitration. The Arbitration Proceeding is **STAYED** pending the outcome of court's determinations on (1) whether there is a valid arbitration agreement between

Plaintiff and Defendant, and (2) whether the current dispute falls within the scope of the agreement. A hearing on Plaintiff's Motion to Dismiss Arbitration is scheduled for Tuesday September 5, 2023, at 10:00 am, courtroom #4.

**SIGNED this the 25th day of August, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE