IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WALMART STORES TEXAS LLC,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | |
| DAVID R. PETE,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.  1:23-CV-251-MJT-CLS |

**MEMORANDUM ORDER OVERRULING
PLAINTIFF'S OBJECTIONS AND ADOPTING THE REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636 and the Local Rules of Court for the Assignment of Duties to United States Magistrate Judges, the District Court referred this proceeding to United States Magistrate Judge Christine L. Stetson to conduct all pretrial proceedings. *See* 28 U.S.C. § 636(b)(1); E.D. TEX. CIV. R. 72. On August 18, 2023, Plaintiff Walmart Stores Texas, LLC filed its Opposed Emergency Motion to Stay and Dismiss Arbitration Proceeding [Dkt. 7]. Judge Stetson granted the stay on August 23, 2023, deferring judgment on the dismissal of the arbitration proceeding pending a hearing [Dkt. 11]. On September 5, 2023, Judge Stetson held a hearing on the issue of dismissal [Dkt. 14].

Judge Stetson issued a Report and Recommendation [Dkt. 19] on October 2, 2023, with the following conclusions and recommendations: (1) Defendant has not sufficiently demonstrated that there is a valid agreement to arbitrate any dispute between the parties, (2) Plaintiff's Motion to Dismiss Arbitration [Dkt. 7] should be granted, (3) Defendant should be ordered to withdraw his Arbitration Demand for the arbitration proceeding under AAA Cause No. 01-23-0001-6617, (4) that proceeding should be permanently enjoined, (5) the Court should

enter declaratory judgment finding no agreement to arbitrate the dispute in question exists between the parties, and (6) Plaintiff's request for attorney's fees and other costs should be denied. On October 19, 2023, Defendant filed objections to the Report and Recommendation. [Dkt. 21].

### I. Legal Standard

A party who timely files specific, written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1412 (5th Cir. 1996) (en banc).

### II. Defendant's Objections are Overruled

Although Defendant filed written objections in a timely manner, he failed to specifically identify the findings or recommendations to which he objected—including the place in the magistrate judge's report and recommendation where the disputed determination is found—in several portions of the objections [Dkt. 21]. Additionally, much of the objections merely restate arguments from Defendant's answer [Dkt. 4] and are somewhat disorganized and irrelevant to Judge Stetson's Report and Recommendation. Nonetheless, the Court will conduct a *de novo*

review of the findings and recommendations of the Report and Recommendation [Dkt. 19] to which Defendant has discernably objected.

Defendant appears to raise the following objections: (1) waiver of one's arbitration right, which Defendant contends he did not do, is the only basis for the Court to dismiss an arbitration proceeding; (2) the Court lacks the authority to dismiss or "halt" an arbitration proceeding; (3) the Court lacks subject matter jurisdiction for declaratory judgment; (4) Judge Stetson improperly used state contract law to determine whether an arbitration agreement existed; (5) Defendant objects to the classification of an arbitration agreement as a contract; and (6) Defendant argues that as a matter of policy Plaintiff should be bound by the terms on its website. The Court will address each of these objections in turn.

### A. Waiver is Not the Only the Basis for a Court to Dismiss an Arbitration Proceeding

Defendant functionally argues that because Judge Stetson cited two cases where courts dismissed an arbitration proceeding due to waiver of the right to arbitrate, the Court can *only* dismiss an arbitration proceeding when a party waived the right to arbitrate [Dkt. 21 at 2]. Defendant then goes on to cite two cases from other Circuits to claim the Court lacks standing to address any issue about the arbitration agreement besides waiver. [*Id.*]

Defendant's argument fails for two reasons. First, Judge Stetson did not only cite cases where a party waived their right to arbitrate. [Dkt. 19 at 4]; *see, e.g.*, *Horizon Plastics, Inc. v. Constance*, 00 Civ. 6458 (RCCC), 2004 WL 1234049, at *4 (S.D.N.Y. June 2, 2004) (enjoining an arbitration proceeding and declaring that the parties had no agreement to arbitrate). Second, neither case cited by Defendant supports diverging from Judge Stetson's Report and Recommendation. *See Smith v. Walmart, Inc.*, No. 7:22-CV-00568, 2023 WL 5215376, at *6 (W.D. Va. Aug. 14, 2023) (granting a motion to compel arbitration after finding Walmart did not

waive their right to arbitrate); *Maynez v. Walmart, Inc.*, 479 F. Supp. 3d 890, 900 (C.D. Cal. 2020) (finding a customer consented to an arbitration agreement on Walmart's mobile application, but that the agreement did not cover public injunctive action under California law). The former case is merely an example of a failed waiver defense to the enforcement of an arbitration clause, while the latter is an example of public policy overriding one's right to arbitrate. Accordingly, this objection is overruled.

### B. The Court has the Authority to Make Appropriate Orders About Arbitration Proceedings

Defendant states that because the Federal Arbitration Act "doesn't give clear guidance for when and how a court should terminate arbitration," the Court has no authority to do so. [Dkt. 21 at 2]. Judge Stetson presents numerous cases that support the Court's authority to dismiss an arbitration proceeding or enter some analogous order. [Dkt. 19 at 4]; *see, e.g.*, *Leal v. Luxottica Retail N. Am., Inc.*, 3:10-CV-2044-B, 2011 WL 873348, at *2 (N.D. Tex. Mar. 10, 2011) (finding plaintiff waived his contractual right to arbitration and ordering plaintiff dismiss his arbitration demand before the American Arbitration Association); *Kambala v. Checchi and Co. Consulting, Inc.*, 1:17-CV-00451 (APM), 2017 WL 4564731, at *2 (D. D.C. May 4, 2017) (finding plaintiff waived his contractual right to arbitration, enjoining arbitration proceedings, and ordering the plaintiff "immediately withdraw the arbitration demand pending before the American Arbitration Association"); *Horizon Plastics,* 2004 WL 1234049, at *4 (enjoining an arbitration proceeding and declaring that the parties had no agreement to arbitrate). This objection is overruled.

### C. The Court had Subject Matter Jurisdiction for Declaratory Relief

Defendant "dispute[s] any and all subject matter jurisdiction for declaratory judgment." [Dkt. 21 at 3]. This objection is without merit. While it is true that the Declaratory Judgment

4

Act cannot serve as an independent basis for jurisdiction, *City of El Paso, Tex. v. El Paso Ent., Inc.*, 535 F. Supp. 2d 813, 819-20 (W.D. Tex. 2008), *aff'd*, 382 F. App'x 361 (5th Cir. 2010), this Court has diversity jurisdiction over the current case. *See* [Dkt. 18]. This objection is overruled.

### D. State Contract Law Governs Whether a Contract Exists

Defendant accused Judge Stetson of unlawfully applying state contract law to determine whether the parties entered into an agreement to arbitrate, arguing instead that the Federal Arbitration Act (FAA) governs this question [Dkt. 21 at 5]. Defendant cites the 2022 Supreme Court decision in *Badgerow v. Walters* to support this proposition and further argues the Court lacks subject matter jurisdiction. However, *Badgerow* concerned a provision of the FAA that outlines the Court's authority to modify or vacate arbitration awards. *Badgerow v. Walters*, 596 U.S. 1, 8 (2022). The Supreme Court also notes that courts need an independent jurisdictional basis, separate from the FAA, to vacate an arbitration award. *Id.* at 9. *Badgerow* is inapplicable here because the Court has proper diversity jurisdiction over this case and the claims do not involve vacating an arbitration award.

The Fifth Circuit holds that "[u]nder the FAA, ordinary principles of state contract law determine whether there is a valid agreement to arbitrate." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019); *see, e.g.*, *Story v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 427 F. Supp. 3d 822, 827 (E.D. La. 2019); *Rivera v. Ross Dress for Less, Inc.*, No. 4:22-CV-74, 2023 WL 6282836, at *3 (S.D. Tex. Sept. 26, 2023); *Clean Pro Carpet & Upholstery Care, Inc. v. Upper Pontalba of Old Metairie Condo. Ass'n, Inc.*, No. CV 20-1550, 2021 WL 638117, at *5 n102 (E.D. La. Feb. 18, 2021). Judge Stetson properly applied state law, including choice of law rules, in determining whether the parties had an agreement to arbitrate the claims at issue [Dkt. 19 at 7-9]. Defendant's objection is overruled.

### E. Arbitration Agreements are a Type of Contract

Defendant objects to Judge Stetson's reference to contract law and, instead, considers this to a dispute over an "agreement." [Dkt. 21 at 5]. Defendant fails to explain how an "agreement" differs from a contract, or how any such difference would change the outcome of the case. This objection is without merit as an arbitration agreement is a contractual agreement. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (noting that the FAA was created to "place arbitration agreements on an equal footing with other contracts"). This objection is overruled.

### F. Defendant's Policy Argument in Favor of Arbitration Yields to Caselaw

Finally, Defendant argues that Plaintiff should be bound by their own policy and accuses the Court of bias in declining to do so. [Dkt. 21 at 6]. Defendant has raised this argument before on the record, *see* [Dkt. 14], and once again draws the Court's attention to three inapplicable cases. *Foster v. Walmart, Inc.*, 15 F.4th 860 (8th Cir. 2021) (holding it was an issue of fact whether terms on the back of a Walmart gift card constitute a valid arbitration agreement); *Gibson v. Wal-Mart Stores Inc.*, 181 F.3d 1163 (10th Cir. 1999) (holding an arbitration clause in an employment contract that was signed by an employee was enforceable against said employee); *Maynez*, 479 F. Supp. 3d at 900 (finding a customer consented to an arbitration agreement on Walmart's mobile application, but that the agreement did not cover public injunctive action under California law).

*Gibson* and *Mayne* are inapplicable to the current case. *Foster* does speak to how courts in the Eighth Circuit address disputes about the validity of an arbitration agreement, but under very different circumstances than the instant case. *Foster* was a putative class action. *Foster v. Walmart Inc.*, No. 4:19-cv-571, 2020 WL 6194432, at *2 (E.D. Ark. Apr. 9, 2020). Before the

Eighth Circuit was the issue of whether any of the named plaintiffs were subject to the same arbitration clause on Walmart.com present here. *Foster*, 15 F.4th at 862. Plaintiffs bought Walmart gift cards that directed purchasers to "Walmart.com for complete terms." *Id.* at 861. Walmart filed a motion to compel arbitration based on the gift card's incorporation of the website. *Id.* Plaintiffs argued there was no valid agreement to arbitrate with Walmart as they had no notice of the arbitration clause when purchasing the gift cards. *Id.* at 862-63. The Eighth Circuit held that a trial was necessary to determine whether any plaintiff had accessed the website, when, and what type of consent was required. *Id.* at 865

Unlike in *Foster*, Defendant's only alleged interaction with Plaintiff's website in the record is that he accessed the website to view the terms of use, not in an effort to make a purchase, but simply to claim an arbitration agreement exists between the parties [Dkt. 1-3 at 2]. Additionally, *Foster* was a putative class action under FED. R. CIV. P 23, while the instant case is a diversity action which necessitates the application of state substantive law. [Dkt. 18]; *Barden Miss. Gaming Ltd. Liab. Corp. v. Great N. Ins. Co.*, 638 F.3d 476, 478 (5th Cir 2011). Judge Stetson correctly found that merely visiting the website does not mean the parties had mutual agreement to arbitrate a claim arising solely from Defendant's contact with a Walmart brick and mortar store. *See* [Dkt. 19 at 7-9]. Accordingly, this objection is overruled.

### III. Conclusion and Order

The Court has conducted a *de novo* review of Defendant's objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, Defendant's objections [Dkt. 21] are OVERRULED. The Report and Recommendation of the United States Magistrate Judge [Dkt. 19] is ADOPTED. Plaintiff's Motion to Dismiss Arbitration [Dkt. 7] is GRANTED. Defendant is ORDERED to WITHDRAW his Arbitration

7

8

Demand for the arbitration proceeding under AAA Cause No. 01-23-0001-6617, that proceeding is PERMANENTLY ENJOINED, and the Court will ENTER DECLARATORY JUDGMENT finding that the parties had no agreement to arbitrate the dispute in question.  Plaintiff's request for attorney's fees and other costs is DENIED.

**SIGNED this 3rd day of November, 2023.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge